**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CONRAD NICHOLS, | No. 10-35221 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01100-BR |
| v. | |
| J. JACOBY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Oregon state prisoner Conrad Nichols appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

violations in connection with the search of his cell.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Nichols's claims for denial of access to the courts, denial of due process, and unlawful search and seizure. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (prisoner must show that he or she suffered actual injury in order to establish a violation of the right of access to the courts); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (no Fourteenth Amendment due process violation where "predeprivation process is impracticable," provided that "a meaningful postdeprivation remedy for the loss is available"); *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996) ("An inmate ordinarily has no reasonable expectation of privacy as to his jail cell or his possessions within it.").

The district court, however, improperly granted summary judgment on Nichols's retaliation claim because there are genuine issues of material fact as to whether defendants retaliated against Nichols for filing a state habeas petition by taking his property. *See Brodheim v. Cry*, 584 F.3d 1262, 1269-73 (9th Cir. 2009) (discussing five basic elements of a First Amendment retaliation claim). According to Nichols's verified complaint, affidavits, and exhibits, as well as defendants' own admissions, defendants took Nichols's property and lost some of

it, including legal papers from Nichols's state habeas petition. Nichols alleges in his verified complaint, which was expressly incorporated into his opposition to defendants' motion for summary judgment, that when he asked prison officials about his missing items, they responded that "maybe [he] shouldn't be filing complaints." While the prison has a legitimate penological interest in enforcing rules against the possession of contraband, defendants "may not defeat a retaliation claim on summary judgment simply by articulating a general justification for a neutral process, when there is a genuine issue of material fact as to whether the action was taken in retaliation for the exercise of a constitutional right." *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003). Therefore, we reverse as to Nichols's retaliation claim and remand for further proceedings.

Each party shall bear its own costs.

**AFFIRMED in part, REVERSED in part, and REMANDED.**